SERGEJ AIWASIAN AND GLORIA S. AIWASIAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aiwasian v. Commissioner
Docket No. 1106-83.
United States Tax Court
T.C. Memo 1984-30; 1984 Tax Ct. Memo LEXIS 643; 47 T.C.M. (CCH) 926; T.C.M. (RIA) 84030; January 16, 1984. J. H. Wegge, for the petitioners. Darren Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his Opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jursidiction because the petition in this proceeding was not filed within 90 days after *644 the mailing of the notice of deficiency, as provided by section 6213(a). [1]
On April 12, 1982, respondent sent a statutory notice of deficiency by certified mail to petitioners at their place of residence, the address of which was listed by them on a December 1981 power of attorney filed with respondent. The notice was received and signed for by petitioners on April 15, 1982. Petitioners used their attorney's post office box address on all the tax returns in question, and the power of attorney on file with respondent requested that copies of all correspondence be sent to their attorney. No notice, however, was sent to petitioner's attorney. The petition in this case was filed with the Court on January 11, 1983, 274 days after the deficiency notice was mailed. Respondent contends that a valid notice of deficiency pursuant to section 6212 was issued to petitioners and that they did not file their petition within the 90-day period prescribed by section 6213(a). Petitioners argue that the notice was invalid because it was sent to the wrong address. Petitioners *645 can hardly complain that the notice was not mailed to them at their "last known address", and for purposes of this motion we will assume without deciding that the notice was not mailed to petitioners' last known address, when it was actually received by them with ample time to appeal therefrom to this Court. . Petitioners offered no explanation why 87 days was not enough time to study the notice and file a petition, and we can only conclude that their own inaction was responsible for the late filing. Accordingly, respondent's motion will be granted. [2]
An Appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Since petitioners received actual notice of the deficiency determination, we do not address their contentions that no notice was sent to their attorney.↩